WILLIAM W. WATROUS, RESPONDENT, *v.* PATRICK KEAR-
NEY AND JOHN LILLYBRIDGE, APPELLANTS.

*Attorney — unauthorized appearance of — Attachment — upon whom notice of pro-*
*ceedings must be served — Appeal — what considered on.*

The defendants were brought into court upon an attachment, issued for violating
an injunction, and there appeared by an attorney, and waived the filing of
interrogatories. An order of reference having been made by consent, to take
proof as to the facts, the same attorney appeared before the referee; subse-
quently another attorney appeared in his place, and, upon his death, a third
firm appeared. An order having been made upon a report made on such refer-
ence, adjudging the defendants guilty of a contempt and imposing a fine, the
defendants moved to set the same aside on the ground that they had not
authorized any attorney to appear for them; that they had not waived the
filing of interrogatories, and that they had had no notice of the proceedings
before the referee. *Held,* on appeal from an order denying such motion,

That, under the circumstances, plaintiff was entitled to consider the attorneys as
authorized to appear for the defendants; and that if, in fact, they had no such
authority, the defendants' remedy was against the attorneys themselves.

That the questions whether the injunction was lawfully granted by the county
judge and as to the amount of the fine could only be considered on an appeal
from the order adjudging defendants in contempt.

Although an attachment must be personally served upon the party proceeded
against, yet notice of the subsequent proceedings may be given to his attorney
in all cases where the personal presence of the party is not required.

APPEAL from an order refusing to set aside an order adjudging
defendants Kearney and Lillybridge in contempt, and imposing
a fine.

An order was made June 10, 1871, on affidavits, ordering an
attachment to issue against the defendants for violating an injunction.
The attachment was personally served. The defendants were brought
into court and appeared by attorney or counsel. They waived the
filing of interrogatories, and the matter was referred, by consent, to
a referee, to report as to the facts and as to the damages. Mr. John-
son appeared for the defendants on the return of the attachment, and
thereafter before the referee, till October 5, 1871; about that time
Mr. Ramsay appeared for all the defendants in the action, and after
his death, Messrs. Smith, Bancroft & Moak appeared for them.
Proof was taken before the referee, and a report was made. On his

report, and on the proof and on notice to the attorneys who appeared for the defendants in the action, the order adjudging Kearney and Lillybridge in contempt and imposing a fine, was made. These defendants now move, on an affidavit made by one of them, and on affidavits of other persons, to set aside these proceedings. Among other grounds the affidavit of one of these defendants states that they did not authorize or direct any attorney or counsel to appear; that they never waived interrogatories; that the proceedings were without their knowledge, after the arrest and the giving of bail.

*Edward K. Clark,* for the appellants.

*Giles W. Hotchkiss,* for the respondent.

LEARNED, P. J.:

If the proceedings to punish for contempt were regular and on due notice, then we cannot inquire, on this proceeding, whether the injunction was lawfully granted by the county judge. That was a matter passed upon, when the court made an order punishing these defendants for contempt. It should be reviewed by appeal from that order. The same is true as to the amount of the fine. If that was wrong, or if the costs and expenses should have been taxed before imposing the fine, the remedy of the defendants is by appeal. Where parties have been brought into court and have been fairly heard, the decision is conclusive, unless reversed by appeal, on all the matters involved in it. Nor can we here examine over again the justice or injustice of the fine. The facts were ascertained before the referee and acted upon by the court, and its action remains without any appeal therefrom.

The only question here is whether the defendants Kearney and Lillybridge were duly before the court.

They were arrested on the attachment; they gave bail, and they actually appeared in court on the return of the attachment. They say (or one of them says) that they employed no attorney or counsel. This is contradicted by a recital in the order of the court; by the affidavit of Mr. Johnson, who appeared for them, and by the affidavit of Mr. Hotchkiss, the plaintiff's attorney and counsel. The defendants must be mistaken in this.

Mr. Johnson states, that he appeared for these defendants, from

time to time, before the referee till the 5th of October, 1871. About that day, Mr. Ramsay appeared for all the defendants in the action. On his death, and about three months afterwards, Messrs. Smith, Bancroft & Moak appeared for all the defendants.

The plaintiff's attorney was fully justified in treating Mr. Johnson, Mr. Ramsey and Messrs. Smith, Bancroft & Moak, successively, as the attorneys of the defendants. They had regularly appeared as such, and in regard to Mr. Johnson, he appeared for them in court and in their actual presence. This is a case where, if the appearance of the attorneys was unauthorized, the remedy should be sought against them.

But the defendants insist that none of these proceedings could be regularly served on their attorneys. The attachment, of course, must be served personally. But there is no reason why the party attached should not have the privilege of acting by attorney, when his personal presence is not required. It is said that it is in the discretion of the court to give notice to the party proceeded against of the hearing on the question of contempt. (Van Sant. Eq. Pr., 632.) But however this may be, notice to his attorney, after the due commencement of the proceedings by attachment, must be sufficient.

The order appealed from should be affirmed, with ten dollars costs and printing disbursements.

Present — LEARNED, P. J., BOCKES and BOARDMAN, JJ.

Order affirmed, with ten dollars costs and disbursements for printing.